UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-00214-JAR |
| UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Michael J. Williams for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to show cause why his case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

**The Complaint**

Plaintiff is a self-represented litigant who brings this civil action against the United States Postal Service (USPS). In his "Statement of Claim," he asserts that the post office damaged his "package upon delivery" and refused to pay his claim afterwards, even though he "did everything" that was asked. (Docket No. 1 at 5).

According to plaintiff, this incident occurred on December 17, 2021, and required him "to buy a new computer." He asserts that the postal workers failed "to do their jobs and now [he has to] suffer because of it."

In a supplement to the complaint, plaintiff includes further allegations, asserting that on December 17, he took a computer to the post office to mail to his brother in Charlotte, North

Carolina. (Docket No. 4 at 2).[1] He contends that "the computer was in great working condition" before he boxed it up. However, when the computer arrived at the house of plaintiff's brother, it was damaged, with a crack down the middle of the screen.

Plaintiff states that he contacted the USPS to file a claim, and received a letter in reply. The letter apparently stated that plaintiff or his brother could "bring the computer to our local post office, and present the letter…and the computer so they can look the computer over." According to plaintiff, the local post office was "going to keep the computer to process the claim."

Plaintiff's brother took the computer to a post office in Charlotte. The manager apparently called plaintiff while he was at his own "local post office speaking with another manager." When plaintiff and his brother explained that the Charlotte manager was "supposed to do a damage claim on the computer," the manager allegedly "got disrespectful and hung up the phone."

After this incident, plaintiff's brother called to inform plaintiff that the Charlotte manager would not take the computer and "was going to close the claim out." At some point, plaintiff's brother "donated the computer because we couldn't have gotten it fix[ed]." Subsequently, the USPS "denied [plaintiff's] claim because they don't have the [computer]."

Attached to the supplement are four photographs purporting to show damage to the box and to the computer itself. (Docket No. 4 at 3-6).

---

[1] The Court will treat this supplement as part of the pleadings in construing the sufficiency of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

Based on these facts, plaintiff seeks reimbursement for the computer that was damaged, and for the new computer he purchased, for a total amount of $11,235.25 in damages. (Docket No. 1 at 5-6).

## Discussion

As noted above, plaintiff is a self-represented litigant who is suing the USPS for a package that was damaged upon delivery. Because he is proceeding in forma pauperis, the Court undertook a pre-service review of his complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that it appears to lack subject matter jurisdiction over plaintiff's claim. Therefore, plaintiff will be ordered to show cause as to why this action should not be dismissed.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute").

The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). To that end, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*,

567 F.3d 976, 982 (8th Cir. 2009). If at any time the Court determines that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

### B. Lack of Subject Matter Jurisdiction for Suit Against the United States

In this case, plaintiff has named the USPS as the defendant in this action. However, as this appears to be a tort claim, the proper party defendant is actually the United States. *See* 28 U.S.C. § 2679(a). *See also Pruitt v. U.S. Postal Service*, 817 F. Supp. 807, 808 (E.D. Mo. 1993) (noting that in a tort claim against the USPS, the United States was the proper defendant).

Generally, "sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). That is, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, in order to sue the United States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000).

"Because the Postal Service is an independent establishment of the executive branch of the Government of the United States, with significant governmental powers, it enjoys federal sovereign immunity absent a waiver." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011). Such a waiver is provided by the Federal Tort Claims Act (FTCA), "which applies to tort claims arising out of activities of the Postal Service." *Id.*

The FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his

4

office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). In other words, the FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm caused by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

This waiver is limited by an exception that provides for the maintenance of sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). *See also Najbar*, 649 F.3d at 870 (explaining that the "postal-matter exception" preserves the government's immunity "for any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). Consequently, "the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006).

In particular, sovereign immunity has been retained for injuries arising "because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id.* at 489. For example, the Supreme Court has explained that the exception would operate in a suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." *Id.* at 490. *See also Najbar*, 649 F.3d at 871 ("Claims for injuries stemming from certain consequences (i.e., from mail either failing to arrive at all or arriving late, in damaged condition, or at the wrong address…) are barred, while claims for other injuries are not").

Here, plaintiff has alleged that the USPS damaged a computer it was delivering, a claim that appears to sound in tort. While the FTCA provides a limited waiver of sovereign immunity

5

for tort claims against the United States, there is an exception to the waiver regarding postal matter. Specifically, the United States has not waived its immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). This exception encompasses items that arrive in a damaged condition. *See Dolan*, 546 U.S. at 489; *Najbar*, 649 F.3d at 871 ("Claims for injuries stemming from certain consequences (i.e., from mail either failing to arrive at all or arriving late, in damaged condition, or at the wrong address…) are barred, while claims for other injuries are not"); and *Nielsen v. United States*, 639 F. Supp.2d 1020, 1021-22 (D. Neb. 2009) (dismissing plaintiff's claim that postal service had damaged her boots during delivery, and explaining that the "United States has expressly retained its sovereign immunity for claims arising out of the loss, miscarriage, or negligent transmission of letters or postal matter").

Because plaintiff's damage claim appears to be within the exception to the FTCA's waiver of sovereign immunity, the United States retains its immunity. Sovereign immunity is jurisdictional in nature, and in the absence of consent to suit, the Court lacks subject matter jurisdiction. Therefore, this case is subject to dismissal.

**C. Order to Show Cause**

Plaintiff has alleged that the USPS damaged a package it delivered to him. This claim is treated as being made against the United States, which has sovereign immunity from suit. Moreover, the FTCA's limited waiver of sovereign immunity does not seem to cover plaintiff's claim. As the United States is immune, the Court has determined that it lacks subject matter jurisdiction. Therefore, plaintiff will be ordered to show cause as to why his case should not be dismissed. He will be given thirty days in which to comply. Failure to comply within that time will result in the dismissal of this action without prejudice and without further notice.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As discussed above, the Court has directed plaintiff to show cause as to why his case should not be dismissed for lack of subject matter jurisdiction. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff shall show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if plaintiff fails to show cause in writing and within **thirty (30) days** of the date of this order as to why this case should not be dismissed for lack of subject matter jurisdiction, this action will be dismissed without prejudice and without further notice.

Dated this 11th day of May 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE