# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-00214-JAR |
| UNITED STATES POSTAL SERVICE, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On May 11, 2022, the Court directed plaintiff Michael J. Williams to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Docket No. 5). He was given thirty days in which to respond. More than thirty days have elapsed, and the Court has not received plaintiff's response. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3).

### Background

Plaintiff is a self-represented litigant who filed a civil action on February 18, 2022, accusing the United States Postal Service (USPS) of damaging a package he had sent through the mail, and then refusing to pay his claim. (Docket No. 1). Along with the complaint, plaintiff filed a motion for leave to proceed in forma pauperis, and a motion for appointment of counsel. (Docket No. 2; Docket No. 3).

On May 11, 2022, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 5). Because he was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that it lacked

subject matter jurisdiction. In particular, the Court noted that the United States had not waived its immunity for claims regarding the loss or damage of postal matter.

As he had failed to demonstrate the presence of subject matter jurisdiction, the Court ordered plaintiff to show cause in writing as to why his case should not be dismissed. He was given thirty days in which to comply, and warned that his failure to comply would result in the dismissal of this action.

On May 18, 2022, mail sent to plaintiff was returned as undeliverable. (Docket No. 6). That same day, however, plaintiff filed a supplement to his complaint, consisting of two receipts showing how much he spent on the package that had allegedly been damaged by the USPS. (Docket No. 7). Based on this submission, plaintiff's address was updated, and the show cause order was re-sent. More than thirty days have elapsed since the Clerk of Court re-sent the Court's show cause order to plaintiff, and there has been no response.

## Discussion

As noted above, plaintiff is a self-represented litigant who is suing the USPS for a package that was damaged upon delivery. On May 11, 2022, he was ordered to show cause in writing and within thirty days as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff has failed to comply with this order. Therefore, for the reasons discussed below, this case will be dismissed without prejudice.

### A.  Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*,

2

475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute").

The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). To that end, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009). If at any time the Court determines that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

**B. Lack of Subject Matter Jurisdiction for Suit Against the United States**

In this case, plaintiff has named the USPS as the defendant. However, as this appears to be a tort claim, the proper party defendant is actually the United States. *See* 28 U.S.C. § 2679(a). *See also Pruitt v. U.S. Postal Service*, 817 F. Supp. 807, 808 (E.D. Mo. 1993) (noting that in a tort claim against the USPS, the United States was the proper defendant).

Generally, "sovereign immunity prevents the United States from being sued without its consent." *Iverson v. United States*, 973 F.3d 843, 846 (8th Cir. 2020). *See also Hinsley v. Standing Rock Child Protective Services*, 516 F.3d 668, 671 (8th Cir. 2008) (stating that "[i]t is well settled that the United States may not be sued without its consent"). "Sovereign immunity is jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). That is, "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Thus, in order to sue the United

3

States, a plaintiff must show a waiver of sovereign immunity. *See V S Ltd. Partnership v. Dep't of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000).

"Because the Postal Service is an independent establishment of the executive branch of the Government of the United States, with significant governmental powers, it enjoys federal sovereign immunity absent a waiver." *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011). Such a waiver is provided by the Federal Tort Claims Act (FTCA), "which applies to tort claims arising out of activities of the Postal Service." *Id*.

The FTCA "waives federal sovereign immunity for injuries caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable." *Newcombe v. United States*, 933 F.3d 915, 917 (8th Cir. 2019). In other words, the FTCA acts as a limited waiver of sovereign immunity, which opens the door to state-law liability claims against the federal government for harm caused by a governmental employee. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

This waiver is limited by an exception that provides for the maintenance of sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). *See also Najbar*, 649 F.3d at 870 (explaining that the "postal-matter exception" preserves the government's immunity "for any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter"). Consequently, "the United States may be liable if postal employees commit torts under local law, but not for claims defined by this exception." *Dolan v. U.S. Postal Service*, 546 U.S. 481, 485 (2006).

More specifically, sovereign immunity has been retained for injuries arising "because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id*. at

4

489. For example, the Supreme Court has explained that the exception would operate in a suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information (e.g., medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel (e.g., shattering of shipped china)." *Id*. at 490. *See also Najbar*, 649 F.3d at 871 ("Claims for injuries stemming from certain consequences (i.e., from mail either failing to arrive at all or arriving late, in damaged condition, or at the wrong address…) are barred, while claims for other injuries are not").

Here, plaintiff has alleged that the USPS damaged a computer it was delivering, a claim that appears to sound in tort. While the FTCA provides a limited waiver of sovereign immunity for tort claims against the United States, there is an exception to the waiver regarding postal matter. Specifically, the United States has not waived its immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *See* 28 U.S.C. § 2680(b). This exception encompasses items that arrive in a damaged condition, which is the claim plaintiff asserts. *See Dolan*, 546 U.S. at 489; and *Najbar*, 649 F.3d at 871 ("Claims for injuries stemming from certain consequences (i.e., from mail either failing to arrive at all or arriving late, in damaged condition, or at the wrong address…) are barred, while claims for other injuries are not").

Plaintiff was given thirty days in which to show cause as to why his case should not be dismissed. However, more than thirty days have elapsed, and he has not responded. Therefore, plaintiff has not carried his burden of demonstrating that this Court has subject matter jurisdiction. *See V S Ltd. P'ship*, 235 F.3d at 1112 (explaining that the burden of proving subject matter jurisdiction belongs to the plaintiff).

5

### C. Order of Dismissal

Pursuant to the Federal Rules of Civil Procedure, the Court must dismiss an action "at any time" if it determines "that it lacks subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(h)(3). In this case, as discussed above, plaintiff has alleged that the USPS damaged a package he sent through the mail. Regarding jurisdiction, he has asserted that this Court had federal question jurisdiction because he was suing the USPS.

A claim against the USPS is treated as being made against the United States itself, which has sovereign immunity from suit. While the FTCA provides a waiver of sovereign immunity for "tort claims arising out of activities of the Postal Service," this waiver does not extend to "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."

Plaintiff's claim of a damaged package falls within the exception to the FTCA's limited waiver of sovereign immunity. Because the United States retains its sovereign immunity in this type of case, the Court lacks jurisdiction. Therefore, the instant action must be dismissed. *See Mekasha v. United States Postal Service*, 2020 WL 6146467, at *1-2 (D. Neb. 2020) (dismissing plaintiff's claim that postal service failed to complete his delivery for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), explaining that sovereign immunity barred suit, and that FTCA's limited waiver did not apply to the claim); *Pundmann v. United States Postal Service*, 2017 WL 5171056, at *3 (E.D. Mo. 2017) (dismissing for lack of subject matter jurisdiction plaintiff's claim that package failed to arrive when expected, explaining that postal service had not waived its sovereign immunity); and *Nielsen v. United States*, 639 F. Supp.2d 1020, 1021-22 (D. Neb. 2009) (dismissing for lack of subject matter jurisdiction plaintiff's claim that postal service had damaged her boots during delivery, explaining that the "United States has

expressly retained its sovereign immunity for claims arising out of the loss, miscarriage, or negligent transmission of letters or postal matter").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 28th day of June, 2022.

                                                                       _____
                                                                       JOHN A. ROSS
                                                                       UNITED STATES DISTRICT JUDGE